23 C.C.P.A.(Patents)

### HAUSMAN v. HOCHMAN.

#### Patent Appeal No. 3605.

Court of Customs and Patent Appeals.

June 1, 1936.

George A. Prevost and G. Mallet Prevost, both of Washington, D. C. (Burnham C. Stickney, of New York City, and Prevost & Prevost, of Washington, D. C., of counsel), for appellant.

Morris Hirsch, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Appeals of the United States Patent Office reversing the decision of the Examiner of Interferences awarding priority of invention to appellant.

The interference is between appellant's application filed June 16, 1930, which is a renewal of his application Serial No. 118,-740, filed June 26, 1926, and appellee's patent No. 1,826,074, in which the count originated, issued October 6, 1931, on an application filed November 8, 1930.

The count reads: "In a typewriting machine having a platen and a primary ribbon mechanism, an auxiliary ribbon device associated with the platen and having a ribbon element in back of the primary ribbon, said device including a carrying frame for said auxiliary ribbon, and stop means coordinating said frame relative to the machine structure to permit of a limited range of positioning of the frame with its ribbon peripherally of the platen."

The invention relates to an improvement in typewriters, and, for the purpose of this decision, is sufficiently described in the quoted count.

Counsel for appellee moved to dissolve the interference on the ground that appellant had no right to make the claim constituting the count in issue.

The motion was denied by the Examiner of Interferences.

Due to the fact that the date alleged in appellee's preliminary statement for conception was subsequent to the filing date of appellant's application, priority of invention was awarded by the Examiner of Interferences to appellant.

In his decision holding that appellant could make the claim constituting the count in issue, the examiner said: "No difficulty is found in reading the present count upon the disclosure of Hausman's application in interference when the broad terms thereof are in accordance with established practice, broadly construed. As particularly shown by Fig. 5 of the Hausman drawings, the auxiliary ribbon 38 is positioned in printing position in front of platen 12 and hence it and its frame are associated with said platen. Said frame, 35, upon which this ribbon is strung is by the stop means shown in Figs. 8, 9, and 10 coordinated relative to, which is to say, adjusted for action with the general typewriter structure, so that the ribbon and frame may be positioned in an upper and a lower printing position, and thus within a limited range. Since Hochman, in his patent, defines the term 'peripherally' as—up and down—it is plain that this term describes the positioning of the Hausman ribbon 38 and its carrying frame as shown in Fig. 8. It is held that Hausman can make the present count."

In its decision reversing the decision of the examiner, and holding that appellant could not make the claim constituting the count in issue, the Board of Appeals said:

"The contention that Hausman has no right to make the count is treated by Hochman under four distinct heads, designated A, B, C and D. A and D appear, however, to be substantially the same. Under A it is urged that, inasmuch as Hausman's ribbon supporting frame moves in a straight line generally tangential to the surface of the platen which is in cylindrical form, it cannot be properly said that its movement is peripheral, as required by the count. The Examiner of Interferences in deciding that Hausman was entitled to make the claim says that Hochman in his patent defines the term 'peripherally' as—up and down. On page 4 of the Hochman specification he says:

" 'Another feature is the loose mount by simple superposition of the frame upon the platen, to assure limited shift either longitudinally of the platen or up and down in direction peripherally of the platen or both.'

"On page 7 reference is made to 'displacement of the frame in a peripheral or up-and-down direction.' On page 9 reference is made to shifting 'peripherally of the platen or up and down between the limits imposed by the sides of notches 31.' While the language used is alternative in form, it does not seem to us that the expression 'up and down' may be treated as a definition of the meaning of 'peripheral' so long as the actual movement given the ribbon holder is aptly described as peripheral and the movement up and down only approximate. Obviously, in the peripheral shifting of the carrier the ribbon does move to different levels. In a broad and general sense this is an up-and-down movement, although brought about by a

strictly peripheral movement. It might be urged that an up-and-down movement is an equivalent of the peripheral movement set forth in the count but in determining the right of a party to make claims, the actual language must be considered and not the question of equivalents. We fully appreciate the general rule that the language used in a count should be given the broadest reasonable interpretation. This rule is always subject to the qualification that apt terms chosen by a patentee to define his structure should not be ignored to his detriment. It seems to us that the term peripherally is an apt and definite term as applied to the structure of Hochman that it cannot be construed to mean a tangential movement in an up-and-down direction and that, unless so construed, the language will not read upon Hausman."

It is contended by counsel for appellant that the board in its decision considered the involved count as though it called "for a peripheral *movement* of the auxiliary ribbon with respect to the platen"; that the count does not call for such a movement, but, on the contrary, calls for "a limited range of positioning of the frame with its ribbon peripherally of the platen"; that as appellant's frame and ribbon occupy a position adjacent the platen and are capable of being shifted to different positions, they necessarily have a range of position peripherally of the platen; and that had appellee intended to cover a movement of his frame and ribbon peripherally of the platen, he should have included in the claim constituting the count in issue such a statement as a "limited range of *movement* of the frame with its ribbon *conforming to the periphery* of the platen."

Appellant does not contend, as indeed he could not, that his frame and ribbon are positioned so as to conform to the periphery of the platen. His contention is, however, that the count in issue does not contain any such limitation.

As will be observed, the last clause of the count in issue provides for "stop means coordinating said frame relative to the machine structure *to permit of a limited range of positioning of the frame with its ribbon peripherally of the platen.*" (Italics ours.)

Webster's New Standard Dictionary defines "periphery" as: "1. The line bounding a rounded surface; more generally, the external boundary or superficial parts of any body; the surface; loosely, the surrounding space. 2. Geom. The circumference or perimeter of a circle, ellipse, or other closed curvilinear figure; also, the perimeter of a polygonal figure.

In view of the divergent views of the tribunals of the Patent Office and of counsel for the parties, when considered in the light of the definition of the word "periphery," it is evident that the language "peripherally of the platen" is ambiguous and susceptible of more than one construction. That being so, the construction to be placed upon it must be in conformity with the meaning given it in the specification in which the count originated. Neumair v. Malocsay, 77 F.(2d) 622, 22 C.C.P.A.(Patents) 1349, and cases cited.

It is obvious from a consideration of appellee's patent specification, as stated in substance by the Board of Appeals, that the language "a limited range of positioning of the frame with its ribbon peripherally of the platen," contained in the count in issue, does not mean that appellee's frame and ribbon are positioned merely adjacent the periphery of the platen, but, on the contrary, the language "peripherally of the platen" means that they are so positioned as to conform to the periphery of the platen. There can be no other reasonable explanation of that language.

In view of the fact, therefore, that appellant's frame and ribbon are not positioned so as to conform to the periphery of the platen, he is not entitled to make the claim constituting the count in issue.

We are of opinion, therefore, that the Board of Appeals reached the right conclusion. Accordingly, its decision is affirmed.

Affirmed.